**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-00665-REB-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3885 FOREST STREET, DENVER, COLORADO,
$7,840.00 IN UNITED STATES CURRENCY,
2007 CADILLAC ESCALADE, and

    Defendants.

**ORDER DENYING CLAIMANT JOAN CROSSE'S MOTION TO DISMISS**

**Blackburn, J.**

The matter before me is **Claimant Joan Crosse's Motion To Dismiss** [#20],[1] filed May 29, 2012. I deny the motion.

Although claimant invokes the pleading standards relevant to motions brought pursuant to Fed. R. Civ. P. 12(b)(6), this is an action for civil forfeiture *in rem*, as to which the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") apply.[2] **Supplemental Rule** A(1)(b). In such an action, the Supplemental Rules modify the government's pleading burden such that the

---

[1] "[#20]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] The Supplemental Rules are part of the Federal Rules of Civil Procedure and govern procedures in civil forfeiture actions. ***United States v. 51 Pieces of Real Property, Roswell, New Mexico***, 17 F.3d 1306, 1308 n.2 (10th Cir. 1994). The Federal Rules of Civil Procedure also apply to such actions to the extent they are not inconsistent with the Supplemental Rules. **Supplemental Rule** A(2).

complaint need only "state sufficiently detailed facts to support a reasonable belief that the government will be able to meets its burden of proof at trial." **Supplemental Rule** G(2)(f). *See also* **Supplemental Rule** G(8)(b)(ii) (although claimant may seek to dismiss complaint for forfeiture *in rem* under Rule 12(b), "[t]he sufficiency of the complaint is governed by Rule G(2)").

The facts underlying the case are well-known to the parties and need not be repeated at length here. Succinctly stated, the complaint alleges that the subject commercial property was used for an illegal marijuana grow operation. The complaint seeks forfeiture under the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 *et seq.* Plaintiff maintains that the attempted forfeiture of the property, in which she allegedly holds a one-half interest, violates her rights under the Eighth and Fifth Amendments.

I am unpersuaded. Claimant's arguments misconstrue not only the nature of the government's burden of pleading, but the very nature of an action for civil forfeiture *in rem*. I therefore deny the motion to dismiss.

An *in rem* forfeiture proceeding is brought under the "legal fiction" that property itself is criminally at fault. ***United States v. One Hundred Forty–Nine Thousand Four Hundred Forty–Two & 43/100 Dollars ($149,442.43) in U.S. Currency***, 965 F.2d 868, 876 (10th Cir. 1992); ***United States v. 5910 South Ogden Court***, – F.Supp.2d –, 2012 WL 6634793 at *3 (D. Colo. Dec. 20, 2012). To prove that the defendant property is subject to civil forfeiture, the government is required to establish that the property was "used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of [the CSA] punishable by more than one year's

imprisonment." 21 U.S.C. § 881(a)(7).  *See also* 18 U.S.C. § 983(c)(1) (government must establish by a preponderance of the evidence that property is subject to forfeiture); *id.* § 983(c)(3) (property subject to forfeiture if government proves "a substantial connection between the property and the offense").  The CSA makes it a crime, *inter alia*, to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1).  A conviction under this section involving "1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 1,000 or more marijuana plants regardless of weight," carries a minimum mandatory sentence of not less than ten years.  *Id.* § 841(b)(1)(A)(vii).

The allegations of the government's verified complaint are more than sufficient to meet this burden.  The complaint specifically and thoroughly details facts obtained from an unnamed "Source of Information" that more than adequately support a reasonable belief that the government will be able to prove a violation of 21 U.S.C. § 881(a)(7) and involving more than the requisite minimum amounts of marijuana contemplated by 21 U.S.C. § 841(b)(1)(A)(vii).  (**See Verified Complaint** ¶¶ 6-42 at 4-18 [#1], filed March 16, 2012.)  If proved, these allegations would subject the defendant property to forfeiture.

Given the legal fiction under which a proceeding *in rem* operates, the government is under no obligation to plead facts in anticipation of any defense potential claimants may have in contravention of forfeiture.  **See Gomez v. Toledo**, 446 U.S. 635, 640, 100 S.Ct. 1920, 1924, 64 L.Ed.2d 572 (1980).

> Because a civil forfeiture is *in rem*, the elements of a claim establishing forfeiture focus on the property's role in the offense and not on the owner's conduct. The government is not required to prove the involvement of the property owner in the commission of the offense giving rise to the forfeiture. In fact, property may be forfeited when a crime was committed by a non-owner or when the perpetrator of the offense is unknown.

*United States v. Thibault*, 897 F.Supp. 495, 498 (D. Colo. 1995) (internal citations omitted). In other words, the government has no burden to plead anything about claimant's involvement in or relationship to the defendant property at this stage of the litigation. Thus, and even assuming *arguendo* that forfeiture of claimant's interest in the subject property would constitute an excessive fine in violation of the Eighth Amendment, as she asserts, that issue is not yet ripe. **See Supplemental Rule** G(8)(e) (providing that claimant who has plead defense may bring Eighth Amendment challenge by motion for summary judgment or after entry of forfeiture only after parties have had opportunity to conduct discovery relevant to the defense). **See also *Thibault***, 897 F.Supp. at 498 (claim that property is not subject to forfeiture because claimant was an innocent owner is an affirmative defense). **See also** 18 U.S.C. § 983(d) (defining parameters of innocent owner defense).

Claimant's remaining argument muddles an assertion of her right to substantive due process under the Fifth Amendment with an assertion that Congress is without authority to reach her property via the federal drug laws. I am unpersuaded by either aspect of this argument.

"[T]he Due Process Clause specially protects those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition and

4

implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Washington v. Glucksberg*, 521 U.S. 702, 720-21, 117 S.Ct. 2258, 2268, 138 L.Ed.2d 772 (1997) (citations and internal quotation marks omitted). Yet beyond specifically enumerated categories of interests, the Supreme Court has "always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Id.*, 117 S.Ct. at 2267 (citation and internal quotation marks omitted).

Most relevantly here, the right to use one's property as one sees fit is not one of the traditionally recognized fundamental rights protected by substantive due process. *See Coalition for Equal Rights, Inc. v. Owens*, 458 F.Supp.2d 1251, 1263 (D. Colo. 2006) (characterizing as "startling" the "proposition that all state infringements on property use, by definition, implicate fundamental rights"), *aff'd*, 517 F.3d 1195 (10th Cir. 2008). *See also Lee v. City of Chicago*, 330 F.3d 456, 467 (7th Cir. 2003) ("[S]ubstantive due process is not a blanket protection against unjustifiable interferences with property.") (citation and internal quotation marks omitted). "The use to which an owner may put his property is subject to a proper exercise of the police power, and is thus valid so long as it has some tendency reasonably to serve the public health, safety, morals or general welfare." *Id.* (quoting *Western Income Properties, Inc. v. City and County of Denver*, 485 P.2d, 120, 121 (Colo. 1971)).

To accept claimant's argument that she possesses a fundamental property right in these circumstances, I necessarily would be required to find that her interest in the defendant property is so paramount and inviolate that it is beyond the reach of federal

criminal law regardless of how the property was used.  As it is not, I decline to travel that road not taken.  Moreover, because claimant's related arguments based on the Supreme Court's decision in **Gonzales v. Raich**, 545 U.S. 1, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005), are premised on her claim that she has such a fundamental property right, those arguments fail as well.[3]

**THEREFORE, IT IS ORDERED** that **Claimant Joan Crosse's Motion To Dismiss** [#20], filed May 29, 2012, is **DENIED**.

Dated February 14 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[3] The **Gonzales** Court held that the CSA was a valid exercise of Congress's Commerce Clause to criminalize the intrastate manufacture and possession of medical marijuana specifically permitted by state law.  See **Gonzales**, 125 S.Ct. at 2208-09.  In so ruling, the Court noted that there was a rational basis for regulating such wholly or predominantly local activities, despite the lack of particularized Congressional findings of an effect on interstate commerce, because "we have never required Congress to make particularized findings in order to legislate, absent a special concern such as the protection of free speech."  **Id.** at 2208 (internal citations omitted).  This case presents no occasion to probe further into any potential exception created by this dicta.